**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4384-18T1

BAYVIEW LOAN SERVICING,
LLC,

     Plaintiff-Respondent,

v.

THOMAS RAUCH and DAWN
RAUCH f/k/a DAWN FAIVRE,

     Defendants-Appellants.

_____

Submitted March 17, 2020 – Decided April 1, 2020

Before Judges Fisher and Accurso.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-023621-17.

Law Offices of Ian J. Hirsch & Associates, LLC, attorneys for appellants (Ian J. Hirsch and Borce Martinoski, on the brief).

Schiller, Knapp, Lefkowitz & Hertzel, LLP, attorneys for respondent (Richard A. Gerbino, on the brief).

PER CURIAM

Defendants Thomas and Dawn Rauch appeal a post-judgment order entered in this foreclosure action. The order under review denied reconsideration of an earlier order by which, among other things, the chancery judge refused to continue restraints that barred transfer of the property to the purchaser at a sheriff's sale. Defendants argue that the judge abused her discretion by refusing to vacate the sheriff's sale and by failing to conduct a hearing into defendants' allegation of an agreement to reinstate the mortgage. We disagree and affirm.

Plaintiff Bayview Loan Servicing, LLC, the assignee of a mortgage on property then owned by defendants in New Milford, commenced this foreclosure action in October 2017. After defendants defaulted, plaintiff applied for entry of a final judgment.

In late July 2018, while plaintiff's application for final judgment was still pending, defense counsel requested from plaintiff's counsel a reinstatement amount; plaintiff's counsel wrote to advise the reinstatement amount was $43,709.88, if paid prior to August 15, 2018. No payment was made by that time.

Final judgment was entered on August 10, 2018. Later that month, defense counsel requested an updated reinstatement amount. Plaintiff's counsel

A-4384-18T1

wrote on September 5, 2018, advising a reinstatement amount of $49,087.93, if received by September 24, 2018.  No payment was made by that date but, on October 16, 2018, defense counsel forwarded to plaintiff's counsel a check in the amount of $36,000.  Defense counsel's cover letter stated that "[t]he balance should be forthcoming."  Plaintiff's counsel, however, returned the check with a letter explaining that partial payment was unacceptable.  An updated reinstatement letter was sent to defense counsel a few days later.

In December 2018, defense counsel again sought an updated reinstatement figure, and within days of receiving that information, defense counsel requested a payoff figure.  Anticipating a payoff of the outstanding debt, plaintiff postponed the February 1, 2019 sheriff's sale until March 1, 2019.  On February 1, defense counsel requested another updated reinstatement amount, which was provided.

When defendants failed to make any payment, the March 1 sheriff's sale went forward and the property was struck off to the highest bidder.  After the sale, defense counsel again sought an updated reinstatement amount; defense counsel was then advised that the property had been sold at the March 1 sheriff's sale.

A-4384-18T1

At the end of March, defendants applied for an order to show cause. After hearing from both sides, and on notice to the third-party purchaser, the chancery judge correctly determined that defendants had no right to reinstate the loan once judgment was entered. The judge also recognized that defendants were given notice of the scheduled February 1 sheriff's sale and that sale was adjourned in light of defendants' apparent interest at that time in reinstating or paying off the loan, but plaintiff's counsel had failed to give notice to defense counsel of the new date – March 1, 2019 – for the sheriff's sale. To remedy the harm caused by plaintiff's inadvertence, the judge deemed it equitable not only to delay the recording of the sheriff's deed but also to extend the right of redemption. As a result, the judge entered an order on April 2, 2019 that: temporarily stayed the recording of the sheriff's deed; temporarily enjoined the purchaser's efforts to obtain possession of the New Milford property; extended the redemption period for ten days; and scheduled a conference for ten days later.

The day before the April 12 conference, however, defendants filed a motion for reconsideration that resulted in the judge's decision to extend the restraints on the third-party purchaser for thirty days and to allow for consideration of defendants' claim that they were entitled to reinstate the mortgage even after entry of final judgment. The judge directed defendants to

4

submit a supplemental brief in support no later than April 19, 2019. Defendants did not comply. Instead, six days after that due date, defendants submitted a letter brief that argued the post-judgment communications between counsel regarding a reinstatement amount gave rise to an actionable claim under the Consumer Frauds Act, N.J.S.A. 56:8-1 to -20. Throughout this time, the restraints imposed by the April 2, 2019 order remained in place, and the time for redemption remained open. In a thorough oral decision rendered on May 14, 2019, the chancery judge denied defendants' motion for reconsideration.

Defendants appeal, arguing the judge abused her discretion by failing to conduct a hearing or by otherwise refusing to vacate the sheriff's sale or to recognize some implicit agreement to reinstate the mortgage. We find insufficient merit in defendants' arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only a few additional comments.

Defendants' argument that the sheriff's sale should have been vacated because notice was not given of the March 1 sheriff's sale is mistaken. The February 1 sheriff's sale was duly noticed, and defendants do not argue otherwise. The only defect in all the steps plaintiff took in this matter was its inadvertence in failing to provide defendants with the March 1 date when plaintiff adjourned the February 1 sheriff sale. Plaintiff was not required to give

formal notice or republish the notice in a local newspaper. It merely had to advise defendants of the new date. Indeed, it only adjourned the sheriff's sale because of defendants' ostensible interest in taking some action regarding this property. Under these circumstances, the judge balanced the equities by preserving the sheriff's sale while enjoining any further action by the third-party purchaser and, more importantly, extending the right of redemption so as to ameliorate any harm caused to defendants by the lack of informal notice of the new sale date. U.S. ex rel. USDA v. Scurry, 193 N.J. 492, 505-07 (2008). In fact, in light of the last-minute motion for reconsideration filed by defendants, that right of redemption was extended for an extra month; still, defendants never exercised that right.

In rejecting defendants' claim to a right to reinstate that should have been developed at an evidentiary hearing, we would simply note that defendants' right to reinstate or cure their default on the loan ended with the entry of final judgment. See N.J.S.A. 2A:50-57(a) (recognizing a residential mortgagor's right to cure a default "at any time, up to the entry of final judgment"). Even if a court could entertain an argument that the right to reinstate or cure might be permitted after entry of judgment – an issue we need not decide – we conclude

that defendants have presented nothing to suggest that they were entitled to such

equitable relief from the consequences of N.J.S.A. 2A:50-57(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION